THE PEOPLE OF THE STATE OF NEW YORK ex rel. RANSOM H. GILLETT, Relator, *v.* WALTER A. DE LAMATER, Defendant.

Supreme Court, Albany County, November 20, 1935.

*John J. Bennett, Jr.,* Attorney-General [*Ransom H. Gillett* of counsel], for the relator.

*Arthur V. McDermott,* for the defendant.

STALEY, J. The relator moves to strike out the second defense and allegations in other paragraphs of the amended answer on the ground that such defense and allegations are sham, frivolous and irrelevant.

The action is one in quo warranto to test the title and rights of the parties to the office of brigadier-general of the National Guard of the State of New York and their rights to act with authority and participation in the National Guard in the performance of the duties and exercise of the powers of such military office. The office involved as the subject of the action is brigadier-general of the National Guard of the State of New York, and not brigadier-general of the National Guard of the United States.

The loss of Federal recognition because of receipt by relator of retired pay as a retired officer from the Veterans' Bureau undoubtedly forfeits his right to serve under the law as it now stands as brigadier-general in the National Guard when in the service of the United States, and also forfeits his right to pay, allowances and expenses from Federal appropriations unless he surrenders his right to receive retired pay.

The issue involved here is whether such loss of Federal recognition forfeits his right to exercise the powers and duties of a brigadier-general in the National Guard of the State when solely under State control, and when no pay, allowances or expenses are sought therefor from Federal appropriations.

While the Federal and State enactments affecting the National Guard are designed to make it a militia for service within the State and an arm of national defense in times of national emergency and war, the government and control of the State Militia is expressly reserved to the States in the appointment of officers. (U. S. Const. art. 1, § 8, subd. 16.)

The Congress is without constitutional power to impose limitations upon the express authority reserved to the States, and particularly so when the exercise of the States' power is limited to a State purpose. (*United States ex rel. Gillett* v. *Dern,* 64 App. D. C. 81; 74 F. [2d] 485.)

The disposition of this motion does not require a review or statement of all the facts and circumstances involved in this controversy, or of all the powers and duties of the commander-in-chief of the State Militia in the appointment or retention in active service of officers duly commissioned in the National Guard.

The defense sought to be stricken out raises the question of relator's qualifications to continue in active service under his commission as a National Guard officer because of withdrawal of Federal recognition. Such defense in my judgment is not relevant to the issues precisely involved in the action and should be stricken out.

Order may be entered striking out the second defense in the amended answer and the allegations in other paragraphs of the answer to which the motion has been extended by stipulation, with ten dollars costs.